J-S01003-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT ALLEN SCHROAT, | : | |
| | : | |
| Appellant | : | No. 1543 WDA 2013 |

Appeal from the PCRA Order entered on September 17, 2013
in the Court of Common Pleas of Erie County,
Criminal Division, No. CP-25-CR-0001371-1992

BEFORE: GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED FEBRUARY 5, 2015**

Scott Allen Schroat ("Schroat") appeals from the Order denying his Petition filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In November 1992, Schroat pled guilty to first-degree murder, possessing an instrument of crime, unlawful restraint, and abuse of a corpse, after strangling and stabbing a five-year-old girl in his parents' house and disposing of the body. Notably, Schroat was seventeen years old at the time of the murder. In December 1992, the trial court imposed a mandatory sentence of life in prison without the possibility of parole (hereinafter "LWOP"), plus six to twelve years. This Court affirmed the judgment of sentence, after which the Supreme Court of Pennsylvania denied allowance of appeal. ***See Commonwealth v. Schroat***, 639 A.2d

842 (Pa. Super. 1993) (unpublished memorandum), ***appeal denied***, 646 A.2d 1177 (Pa. 1994).

Several years later, on July 24, 2012, Schroat filed a *pro se* PCRA Petition.[1]  Therein, Schroat acknowledged that his Petition was facially untimely, but, according to Schroat, he had met the PCRA's "newly-recognized constitutional right" exception, contained in 42 Pa.C.S.A. § 9545(b)(1)(iii).[2]  Specifically, Schroat challenged the constitutionality of his LWOP sentence pursuant to the United States Supreme Court's then-recent decision in ***Miller v. Alabama***, 132 S. Ct. 2455 (2012).[3] Additionally, Schroat correctly pointed out that he had filed his PCRA Petition

---

[1] Schroat had previously filed two other PCRA Petitions, both of which were dismissed.

[2] Section 9545(b)(1)(iii) provides that a petitioner may file a PCRA outside of the one-year time limitation where the petitioner pleads and proves that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively."  42 Pa.C.S.A. § 9545(b)(1)(iii); ***see also id.*** § 9545(b) (providing that "[a]ny petition under this subchapter … shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves" one of the three exceptions in sub-section (b)(1)).

[3] The ***Miller*** Court held that mandatory LWOP sentences for juveniles are unconstitutional.  ***See Miller***, 132 S. Ct. at 2464.  The Court reasoned that, in light of a juvenile's diminished culpability and heightened capacity for change, mandatory juvenile sentencing schemes pose too great a risk of disproportionate punishment, in contravention of the Eighth Amendment. ***Id.*** at 2469.

invoking this exception within sixty days of the **Miller** decision, in compliance with 42 Pa.C.S.A. § 9545(b)(2).

In response to Schroat's PCRA Petition, the PCRA court appointed Emily Mosco Merski, Esquire ("Attorney Merski"), to represent Schroat, after which Attorney Merski filed a Supplemental PCRA Petition. The PCRA court subsequently gave Schroat Notice, pursuant to Pa.R.Crim.P. 907 (hereinafter "the Rule 907 Notice"), of the court's intention to dismiss Schroat's PCRA Petition without a hearing. In the Rule 907 Notice, the PCRA court stated that Schroat was not entitled to collateral relief because **Miller** does not apply retroactively. By an Order entered on September 17, 2013 (hereinafter "the Final Order"), the PCRA court denied Schroat's PCRA Petition. In response, Attorney Merski timely filed a Notice of Appeal on Schroat's behalf,[4] and later filed an advocate's brief with this Court.[5]

On appeal, Schroat presents the following issues for our review:

A. Whether the PCRA court erred in [denying Schroat's] PCRA [Petition] despite the recent decision by the United States Supreme Court in **Miller** []?

---

[4] Although Attorney Merski filed the Notice of Appeal from the Rule 907 Notice, the appeal was nevertheless timely filed within thirty days of the Final Order. We have altered the caption to reflect that the Final Order is the proper subject of this appeal.

[5] Attorney Merski includes in her brief a short section invoking **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), both of which concern the procedure required before withdrawal on collateral appeal is permitted. **See** Brief for Appellant at 12. However, Attorney Merski did not file a petition to withdraw as counsel, and, aside from this section, her brief is an advocate's brief, not a **Turner**/**Finley** brief.

B. Whether the PCRA court erred when it failed to apply the decision from **Miller** retroactively?

C. Whether the PCRA court erred when it failed to find the **Miller** decision applicable to individuals who are serving sentences of [LWOP,] as their conduct lacks the *mens rea* required for first-degree murder?

D. Whether the PCRA court erred in failing to grant [Schroat] relief pursuant to the Pennsylvania *habeas corpus* statute, 42 Pa.C.S. § 6501 *et seq.*?

Brief for Appellant at 3 (capitalization omitted). We will address Schroat's claims simultaneously, as they are related.

> We review an order [denying] a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

In an attempt to overcome the untimeliness of his PCRA Petition, Schroat invokes the exception in section 9545(b)(1)(iii) by contending that the United States Supreme Court recognized a new constitutional right in **Miller** when it held that imposing a mandatory LWOP sentence for crimes committed while a juvenile is cruel and unusual punishment, in violation of the Eighth Amendment to the United States Constitution. **See** Brief for Appellant at 5-6; **see also Miller**, 132 S.Ct. at 2463. He argues that

- 4 -

because he was a juvenile when he was sentenced to LWOP, his sentence was illegal pursuant to **Miller**.  Brief for Appellant at 5-6.

Although Schroat is correct in claiming that the United States Supreme Court recognized a new constitutional right after his time to file a timely PCRA petition expired, he nonetheless failed to meet any exception to the PCRA's time-bar.  As noted above, in order to establish the exception in section 9545(b)(1)(iii), the petitioner must show that the newly-recognized constitutional right "has been held by that court[, *i.e.*, the Supreme Court of the United States or the Supreme Court of Pennsylvania,] to apply retroactively."  42 Pa.C.S.A. § 9545(b)(1)(iii); **see also Commonwealth v. Abdul-Salaam**, 812 A.2d 497, 501 (Pa. 2002) (interpreting this language of section 9545(b)(1)(iii)).

Schroat concedes that the Pennsylvania Supreme Court has held that **Miller** does not apply retroactively to cases on collateral review.  **See Commonwealth v. Cunningham**, 81 A.3d 1, 8-9, 11 (Pa. 2013) (holding that **Miller** did not apply retroactively to an inmate, convicted as a juvenile, who is serving a LWOP sentence, and who has exhausted his direct appeal rights and is proceeding under the PCRA); **see also** Brief for Appellant at 7, 12.  Further, the United States Supreme Court denied *certiorari* on the **Cunningham** case.  **Cunningham v. Pennsylvania**, 134 S. Ct. 2724 (2014).  As of this time, neither the United States Supreme Court nor the

Pennsylvania Supreme Court has declared **Miller** to apply retroactively.[6]

Therefore, Schroat has failed to meet the requirements of the after-discovered constitutional right exception to the PCRA's time bar.

To the extent that Schroat argues that, despite **Cunningham**, "**Miller** should have retroactive application under the more broad principles of retroactive application based in Pennsylvania law[,"] Brief for Appellant at 7, this claim does not entitle Schroat to relief.   We may not overlook the Supreme Court's clear holding in **Cunningham**, which is controlling in the instant case.

Finally, we find no merit in Schroat's claim that the PCRA court erred by failing to grant him relief under Pennsylvania's *habeas corpus* statute, 42 Pa.C.S.A. § 6501 *et seq.*   **See** Brief for Appellant at 11-12.   In our courts, the PCRA provides the sole means of obtaining collateral relief where a claim is cognizable under the PCRA.   **See** 42 Pa.C.S.A. § 9542 (providing that "[t]he action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]"); 42 Pa.C.S.A. § 6503(b) (provision of the *habeas corpus* statute stating that "[w]here a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas*

---

[6] On December 12, 2014, the Supreme Court of the United States, in **Toca v. Louisiana**, --- S.Ct. ----, 2014 WL 4743531, 2014 U.S. LEXIS 8302 (2014), granted a petition for *writ of certiorari* to determine whether **Miller** applies retroactively.

*corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law."); *see also Commonwealth v. Turner*, 80 A.3d 754, 770 (Pa. 2013) (noting that the PCRA subsumes the remedy of *habeas corpus* where the claim is cognizable under the PCRA); *Commonwealth v. Peterkin*, 722 A.2d 638, 641 (Pa. 1998) (holding that because an untimely PCRA petition was premised on claims that were cognizable under the PCRA, the statutory writ of *habeas corpus* was unavailable).

Based upon the foregoing, we conclude that the PCRA court properly denied Schroat's untimely PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015